**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HANNAH STOCKDALE** and **ALEXANDER STOCKDALE, w/h**<br><br>*Plaintiffs*<br>v.<br><br>**JOSE GARCIA MERCADO;**<br>and **GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY** d/b/a t/a **USAA**<br><br>*Defendants* | **No. 2:26 CV-06133**<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

AND NOW comes Plaintiffs, Hannah Stockdale and Alexander Stockdale, w/h, by and through their attorneys, The Curran Firm, P.C. stating that they have causes of action against Defendant Jose Garcia Mercado and Defendant Garrison Property and Casualty Insurance Company d/b/a t/a USAA, and demands compensatory damages and other relief in a sum in excess of the local arbitration limits, exclusive of attorney's fees, pre-judgment interest, post-judgment interest and costs:

## PARTIES

1. Plaintiff Hannah Stockdale (hereinafter referred to as "Mrs. Stockdale"), is an adult individual, citizen of Pennsylvania, and resides at 625 Beech Avenue, Glenolden, PA 19036.

2. Plaintiff Alexander Stockdale (hereinafter referred to as "Mr. Stockdale"), is an adult individual, citizen of Pennsylvania, and resides at 625 Beech Avenue, Glenolden, PA 19036.

3. Defendant, Jose Garcia Mercado (hereinafter referred to as "Defendant Garcio Mercado"), is an adult individual, citizen of New Jersey, and resides at 33 Franklin Avenue, Clementon, NJ

08021. For all times relevant, Defendant Garcio Mercado was the operator of a 2016 Ford F-150 bearing the New Jersey License Plate No. ZYX9836.

4. Defendant Garrison Property and Casualty Insurance Company d/b/a t/a USAA (hereinafter referred to as “Garrison”) is a wholly owned subsidiary of United Services Automobile Association (USAA) and is a corporation that is licensed to sell automobile insurance in Pennsylvania, with and/or through places of business located throughout the Commonwealth of Pennsylvania. Defendant American States is a Texas corporation and has its principal place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288. At all relevant times, Defendant Garrison was the personal automobile insurance carrier for Defendant Hannah and Alexander Stockdale under Garrison policy No. 01526 27 54R 7101 3. A true and correct copy of the insurance policy is attached hereto as **Ex. 1**.

5. Garrison is a Pennsylvania automobile “insurer" for purposes of 42 Pa.C.S.A. §8371.

## JURISDICTION

6. Jurisdiction over this matter is proper pursuant to 22 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the damages claimed are greater than $75,000, exclusive of interest and costs.

## OPERATIVE FACTS

7. On May 18, 2026, at approximately 8:45 a.m. Mrs. Stockdale was operating her motor vehicle near the 400 S. State Street, in Springfield Township, Pennsylvania.

8. At or about that time, Defendant Garcia Mercado was also operating his motor vehicle near the 400 S. State Street, in Springfield Township, Pennsylvania and was travelling behind Mrs. Stockdale, who came to a complete stop at a red traffic light.

9. At or about that same time, Defendant Garcia Mercado negligently caused his vehicle to collide with the rear of Mrs. Stockdale's vehicle.

10. As a result of each of the negligent and reckless actions of Defendant Garcia Mercado, Mrs. Stockdale was caused serious and grievous bodily injuries.

11. The injuries and damages suffered by Mrs. Stockdale were caused as a direct and proximate result of the negligent, careless, and/or reckless conduct of Defendant Garcia Mercado and said injuries include, but are not limited to:

a. Mild-traumatic brain injury;
b. Concussion;
c. Post-concussion syndrome;
d. Vestibular involvement;
e. Headaches;
f. Photosensitivity;
g. Cognitive deficits;
h. Speech deficits;
i. Memory deficits;
j. Visual disturbances;
k. Ocular dysfunction;
l. Aerobic exercise intolerance;
m. Balance difficulties;
n. Vertigo;
o. Dizziness;
p. Nausea;

q. Sleep disruption;

r. Weight loss;

s. PTSD;

t. Aggravation of pre-existing conditions;

u. Pain and suffering;

v. Mental anguish;

w. Mood disturbances;

x. Depression;

y. Emotional distress;

z. Embarrassment;

aa. Humiliation;

bb. Past wages losses;

cc. Future wage losses;

dd. Future loss of earning capacity; and

ee. Severe and chronic pain, all of which has caused great pain and suffering, mental anguish, distress, inconvenience, loss of sleep, loss of well-being, limitation of motion, loss of the ability to enjoy life and life's normal activities, nervousness, exhaustion, and loss of self-confidence, all of which may continue into the future for an indefinite period of time.

12. The injuries and damages sustained by Plaintiff Mrs. Stockdale, as set forth above, were caused in no way or manner by any negligent act or failure to act on the part of the Plaintiff Mrs. Stockdale.

13. As a result of the aforesaid injuries and Defendant's conduct, Plaintiff Mrs. Stockdale has sustained past and future wage losses and loss of earning capacity and power in the future, all for which claim is made.

14. It is believed and therefore averred, that the injuries suffered by Plaintiff Mrs. Stockdale will continue indefinitely into the future and may be permanent.

15. As a result of the Defendant's negligence, carelessness, recklessness, and actions and/or failures to act as hereinafter set forth, Plaintiff Mrs. Stockdale has been obligated to expend, and has expended, various and diverse sums of money for medicines and medical and rehabilitative care in and about an effort to treat the injuries she has received, all for which claim is made.

16. Plaintiff Mrs. Stockdale will also be obligated to receive, and undergo, medical and rehabilitative care and attention for an indefinite period of time into the future and will incur medical bills for these treatments and attention, including medicines, into the future, all for which claim is made.

17. As a further result of the aforesaid injuries and the Defendant's conduct, Plaintiff Mrs. Stockdale has sustained a permanent diminution in her ability to enjoy life and life's pleasures, for which claim is made.

18. Plaintiff Mrs. Stockdale believes, and therefore avers, that the aforesaid injuries are permanent, that medical rehabilitative attention will be required into the future, and that Plaintiff Mrs. Stockdale has suffered permanent disabilities and pain and suffering, and further, that the pain and suffering already experienced will continue indefinitely and permanently into the future, for which claim is made.

## COUNT I – NEGLIGENCE
## PLAINTIFF HANNAH STOCKDALE
## V.
## DEFENDANT JOSE GARCIA MERCADO

19. Plaintiffs Mrs. and Mr. Stockdale incorporate by reference the previous paragraphs as if fully set forth herein.

20. Plaintiffs Mrs. and Mr. Stockdale believe, and therefore avers, that the injuries and damage she suffered were caused by the negligent and/or reckless and/or careless conduct of Defendant Garcia Mercado, and said conduct consisted of one or more of the following:

a. Failure to adhere to the rules of the road;
b. Failing to follow traffic signals, signs, and rules of the roadway;
c. Failing to observe other motor vehicles on the roadway;
d. Failing to use the appropriate amount of caution and care when operating his vehicle;
e. Failing to be attentive to other motor vehicle operators on the roadway;
f. Failing to give prior sound, signal or warning of the presence of his motor vehicle prior to the collision;
g. Texting while operating a motor vehicle
h. E-mailing while operating a motor vehicle;
i. Operating and/or otherwise using a GPS and/or navigation device while operating a motor vehicle;
j. Operating his vehicle in excess of the posted speed limit (i.e. speeding);
k. Operating his motor vehicle at a speed that was unsafe for the conditions;
l. Failing to apply the brakes of his motor vehicle so as to come to a complete stop to avoid striking the vehicle he was following;
m. Inattentiveness in the operation of his vehicle;
n. Failing to maintain a proper lookout and to bring his vehicle to a complete stop;
o. Traveling at too close of a distance ahead;
p. Failing to keep proper lookout;
q. Failing to take evasive action in order to avoid impacting the motor vehicle operating

and/or stopped in front of him;

r. Carelessly operating his motor vehicle, in violation of 75 Pa.C.S. §3714; and

s. Recklessly operating his motor vehicle in violation of 75 Pa.C.S. § 3736.

**WHEREFORE,** Plaintiffs pray for the judgment against Defendant Garcia Mercado for an amount in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest, costs, attorneys' fees, punitive damages, damages for delay, and such other relief as the Court deems just and appropriate under the circumstances.

**COUNT II – UNDERINSURED MOTORIST CLAIM**
**PLAINTIFF HANNAH STOCKDALE**
**V.**
**DEFENDANT GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A T/A USAA**

21. Plaintiffs Mrs. and Mr. Stockdale incorporate by reference the previous paragraphs as if fully set forth herein.

22. At all times material hereto, Plaintiffs Mrs. and Mr. Stockdale maintained a valid personal automobile insurance policy which included underinsured motorist coverage. *See* **Ex. 1**.

23. Defendant Garcia Mercado has insufficient insurance to compensate Plaintiff Mrs. Stockdale, for the injuries and damage caused by the motor vehicle accident.

24. As a result of the aforementioned injuries, Plaintiff Mrs. Stockdale's claims exceed the value of the tortfeasor's insurance policy limits.

25. The policy with Defendant Garrison does not contain an arbitration clause for resolution of the underinsured motorist claim. Therefore, Plaintiff herein timely asserts a claim for underinsured motorist benefits.

26. Plaintiffs have met and satisfied, or will meet and satisfy, all conditions set forth in said underinsurance policy which entitles Plaintiffs to payment of underinsured motorist benefits.

27. Plaintiff Mrs. Stockdale and Defendant Garrison do not agree or may not agree as to what amount of compensatory damages the insured (Plaintiff Mrs. Stockdale) is legally entitled to recover from the third-party case against the driver and owner of the underinsured motor vehicle, and as to what amount of compensatory damages the insureds (Plaintiff Mrs. Stockdale) is legally entitled to recover from the underinsurance claim. Therefore, pursuant to the aforementioned policies of insurance between Plaintiffs and Defendant Garrison, Plaintiffs have filed this lawsuit against Garrison and against the owners and driver of the underinsured motor vehicle.

**WHEREFORE,** Plaintiffs pray for the judgment against Defendant Garrison for an amount in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest, costs, attorneys' fees, punitive damages, damages for delay, and such other relief as the Court deems just and appropriate under the circumstances.

**COUNT III – LOSS OF CONSORTIUM**
**PLAINTIFF ALEXANDER STOCKDALE**
**V.**
**DEFENDANT JOSE GARCIA MERCADO**

28. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth at length herein.

29. As a result of the negligent, careless, and reckless conduct and misconduct of the Defendant Garcia Mercado, Plaintiff Mr. Stockdale has been deprived of the support, services, assistance, society, companionship and consortium of his wife, Mrs. Stockdale, and will be so deprived in the future, all to his great detriment and loss.

30. Plaintiff Mr. Stockdale's loss of the consortium of his wife was the direct and proximate result of the negligent and reckless actions of an underinsured motorist who was negligently operating a motor vehicle on a public road.

31. Plaintiff Mr. Stockdale's loss of consortium and the resulting damage were in no way or manner caused by any act or failure to act on the part of Plaintiffs Mrs. and Mr. Stockdale.

**Wherefore,** Plaintiffs pray for the judgment against Defendant Garcia Mercado for an amount in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest, costs, attorneys' fees, punitive damages, damages for delay, and such other relief as the Court deems just and appropriate under the circumstances.

**Count IV – Underinsured Motorist Claim**
**Plaintiff Alexander Stockdale**
**v.**
**Defendant Garrison Property and Casualty Insurance Company d/b/a t/a USAA**

32. Plaintiffs Mrs. and Mr. Stockdale incorporate by reference the previous paragraphs as if fully set forth herein.

33. At all times material hereto, Plaintiffs Mrs. and Mr. Stockdale maintained a valid personal automobile insurance policy which included underinsured motorist coverage. *See* **Ex. 1**.

34. Defendant Garcia Mercado has insufficient insurance to compensate Plaintiff Mr. Stockdale, for his loss of consortium damages caused by the motor vehicle accident involving his wife.

35. As a result of the aforementioned damages, Plaintiff Mr. Stockdale's claims exceed the value of the tortfeasor's insurance policy limits.

36. The policy with Defendant Garrison does not contain an arbitration clause for resolution of the underinsured motorist claim. Therefore, Plaintiff herein timely asserts a claim for underinsured motorist benefits.

37. Plaintiffs have met and satisfied, or will meet and satisfy, all conditions set forth in said underinsurance policy which entitles Plaintiffs to payment of underinsured motorist benefits.

38. Plaintiff Mr. Stockdale and Defendant Garrison do not agree or may not agree as to what amount of compensatory damages the insured (Plaintiff Mr. Stockdale) is legally entitled to recover from the third-party case against the driver and owner of the underinsured motor vehicle, and as to what amount of compensatory damages the insureds (Plaintiff Mr. Stockdale) is legally entitled to recover from the underinsurance claim. Therefore, pursuant to the aforementioned policies of insurance between Plaintiffs and Defendant Garrison, Plaintiffs have filed this lawsuit against Garrison and against the owners and driver of the underinsured motor vehicle.

**WHEREFORE,** Plaintiffs pray for the judgment against Defendant Garrison for an amount in excess of seventy-five thousand dollars ($75,000.00) exclusive of interest, costs, attorneys' fees, punitive damages, damages for delay, and such other relief as the Court deems just and appropriate under the circumstances.

**THE CURRAN FIRM, P.C.**

**BY:** */s/ Ryan F. Curran*
**RYAN F. CURRAN, ESQUIRE**
**200 EAST STATE STREET, SUITE 103**
**MEDIA, PA 19063**
**P:(610) 566-5300 / F:(610) 566-6114**
**RCURRAN@THECURRANFIRM.COM**
**WWW.THECURRANFIRM.COM**

***ATTORNEY FOR PLAINTIFFS HANNAH STOCKDALE AND ALEXANDER STOCKDALE***

**DATED:** AUGUST 21, 2026